**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **v.**                                                   **95-CR-101 (NAM)**

**TOMMY WALKER III,**

              **Defendant.**
_____

**APPEARANCES:**

Steven D. Clymer,
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261
*Attorney for the United States*

Molly K. Corbett,
Office of the Federal Public Defender,
Northern District of New York
39 N. Pearl Street, 5th Floor
Albany, NY 12207
*Attorney for the Defendant*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Now before the Court is Defendant's motion to reduce his sentence pursuant to the First Step Act of 2018. (Dkt. No. 616; *see also* Dkt. No. 610). The Government has responded to the motion, and Defendant has also filed a reply. (Dkt. Nos. 618, 619). Defendant's motion is granted, for the reasons that follow.

1

## II. BACKGROUND

In 1995, Defendant was arrested on numerous charges involving a continuing criminal enterprise and drug conspiracy based in Utica, New York. Since 1997, Defendant has been serving a life sentence which the Court (Munson, SJ.) imposed after a jury trial concluded with a verdict of guilty on twelve counts. Specifically, Defendant was charged, convicted, and sentenced as follows:

| Count | Offense | Governing Penalty Statute | Sentence Imposed |
| --- | --- | --- | --- |
| 1 | Continuing criminal enterprise involving narcotics | 21 U.S.C. § 848(b) | Life |
| 2 | Narcotics conspiracy | 21 U.S.C. § 841(b)(1)(A) | Dismissed as lesser included offense |
| 3 | Felon in possession of weapon | 18 U.S.C. § 924(a)(2) | 120 months |
| 4 | Felon in possession of weapon | 18 U.S.C. § 924(a)(2) | Dismissed at trial |
| 5 | Felon in possession of weapon | 18 U.S.C. § 924(a)(2) | Dismissed at trial |
| 6 | Felon in possession of weapon | 18 U.S.C. § 924(a)(2) | Dismissed at trial |
| 7 | Aiding and abetting possession of methamphetamine with intent to distribute | 21 U.S.C. § 841(b)(1)(C) | 240 months |
| 8 | Possession of cocaine base with intent to distribute | 21 U.S.C. § 841(b)(1)(C) | 240 months |
| 9 | Possession of cocaine base with intent to distribute | 21 U.S.C. § 841(b)(1)(C) | 240 months |
| 10 | Possession of cocaine base with intent to distribute | 21 U.S.C. § 841(b)(1)(B) | 480 months |
| 11 | Possession of methamphetamine with intent to distribute | 21 U.S.C. § 841(b)(1)(B) | 480 months |
| 12 | Possession of cocaine base with intent to distribute | 21 U.S.C. § 841(b)(1)(B) | 480 months |
| 16 | Aiding and abetting possession of cocaine base with intent to distribute | 21 U.S.C. § 841(b)(1)(A) | Life |
| 17 | Aiding and abetting possession of cocaine with intent to distribute | 21 U.S.C. § 841(b)(1)(C) | 240 months |

| 18 | Aiding and abetting possession of cocaine base with intent to distribute | 21 U.S.C. § 841(b)(1)(A) | Life |
| 26 | Firearms conspiracy | 18 U.S.C. § 371 | 60 months |

(*See* Dkt. Nos. 365, 367).[1]  In sentencing Defendant, the Court found that his base offense level was 42 under the United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines"), with a criminal history category of III.  (Dkt. No. 365, p. 27).  The Guideline imprisonment range was life, because that was the statutory minimum term of imprisonment under 21 U.S.C. § 848.  (*Id.*).  Therefore, Defendant was sentenced to life imprisonment, with the sentences on the counts of conviction to run concurrently.  (*Id.*, p. 28).

### III.  STANDARD OF REVIEW

In general, a federal district court may only modify a term of imprisonment once it has been imposed in rare circumstances or "to the extent otherwise expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).

The Fair Sentencing Act became law on August 3, 2010.  Pub. L. No. 111-220, 124 Stat. 2372.  The new law "increased the quantities necessary to trigger application of the statutory ranges for crack cocaine offenses."  *United States v. Powell*, 360 F. Supp. 3d 134, 138 (N.D.N.Y. 2019).  Specifically, section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B).  *See id.*  The amendments replaced the "50 grams or more" threshold with "280 grams or more" for triggering enhanced penalties under 21 U.S.C. § 841(b)(1)(A) and replaced the "5 grams or more" threshold with "28 grams or more" for triggering enhanced penalties under 21 U.S.C. § 841(b)(1)(B).  *Id.*  However, the Fair

---

[1] The Court notes that the Judgment in this case, Dkt. No. 367, erroneously referred to convictions on Counts 4, 5, and 6.  Those Counts were dismissed at trial.  (*See* Dkt. Nos. 316, 423, pp. 360, 367).

3

Sentencing Act only applied to defendants sentenced after August 3, 2010, and thus Defendant could not benefit from the reduced penalties.

On December 21, 2018, the First Step Act of 2018 became law.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  Under the new law, "[a] court that imposed a sentence for a 'covered offense' may, on motion of the defendant . . . impose a sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  *Id.* at § 404(b).  A "covered offense" means a violation of a Federal criminal statute that was modified by Section 2 or 3 of the Fair Sentencing Act.  *Id.* at § 404(a).  Thus, the First Step Act "effectively authorizes a district court to give retroactive effect to the statutory penalty provisions of the Fair Sentencing Act of 2010 . . . and thereby reduce a crack cocaine defendant's sentence."  *Powell*, 360 F. Supp. 3d at 138.

Although Defendant has requested a re-sentencing hearing, the Court finds that one is not necessary because the implications of the Fair Sentencing Act and First Step Act can be determined based on existing record and the parties' submissions.

**IV.   DISCUSSION**

There is no dispute that Defendant is now eligible for re-sentencing because his violation of 21 U.S.C. § 848(b) is a covered offense under the First Step Act.  The question for the Court is whether to do so, and to what extent.  Defendant seeks a reduced sentence that equates to time served based on the new law and his good behavior in prison.  (Dkt. Nos. 616, 619).  In response, the Government argues that no reduction is warranted because if the new law had been in effect at the time of sentencing, Defendant's Guidelines imprisonment range would still have been 360 months to life.  (Dkt. No. 618).

At the time of sentencing, Defendant was subject to a statutory minimum sentence of life imprisonment under 21 U.S.C. § 848(b) because the Court determined that his continuing criminal enterprise involved over 1.5 kilograms of cocaine base, an amount exceeding 300 times the "5 grams or more" quantity of cocaine base penalized in 21 U.S.C. § 841(b)(1)(B). However, if the Fair Sentencing Act had been in effect at the time, the quantity of cocaine base penalized in 21 U.S.C. § 841(b)(1)(B) would have been "28 grams or more." Consequently, the minimum quantity of cocaine base to merit a life sentence under 21 U.S.C. § 848(b) would have been 8.4 kilograms. Since Defendant's continuing criminal enterprise involved 1.5 kilograms, he would not be subject to a life imprisonment.

The question then becomes what is Defendant's appropriate Guidelines range based on the changes in the Fair Sentencing Act. Under the Guidelines Section for Continuing Criminal Enterprise, Defendant's base offense level is found by taking the greater of: (1) 4 plus the offense level from § 2D1.1 applicable to the underlying offense; or (2) 38. U.S.S.G § 2D1.5(a). Defendant argues that 38 is the relevant offense level based on § 2D1.5(a)(2), with a resulting Guidelines range of 292–365 months (the criminal history category remains unchanged at III). (Dkt. No. 616-1, p. 11). In contrast, the Government asserts that Defendant's offense level should be 40, which it calculates by adding 4 to an offense level of 36 pursuant to § 2D1.5(a)(1). (Dkt. No. 618, p. 13). Specifically, using § 2D1.1 and the 1.5 kilograms of cocaine base, the Government starts at an offense level of 32. The Government then adds 4 points based on specific characteristics of the continuing criminal enterprise: (1) 2 points for possession of a firearm; and (2) 2 points for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. *See* § 2D1.1(b)(1) and (b)(12). At an offense level of 40 and a criminal history of III, the Guidelines ranges is 360 months to life.

5

In response, Defendant argues that these aggravating offense characteristics are not applicable to his case, particularly without more factfinding and the opportunity to be heard. (Dkt. No. 619, p. 17).  There can be no dispute that Defendant possessed a firearm in connection with the continuing criminal enterprise, since he was convicted of being a Felon in Possession of a Weapon and Firearms Conspiracy.  As to the enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, the Presentence Report ("PSR") completed by the Probation Office indicates that Defendant "set up places where the drugs and firearms were stored."  (PSR, ¶ 17).  But the PSR does not explain the nature of the places or whether manufacturing/distributing occurred there.  Moreover, this fact was not an element of the charged crimes and did not affect Defendant's original sentence, and therefore, he would have had little reason to contest it.  Indeed, this enhancement did not exist in the version of the Guidelines used at the time of sentencing.

Under these circumstances, the Court finds that it is inappropriate to impose the 2-point enhancement under § 2D1.1(b)(12).  *See also United States v. Rose*, 379 F. Supp. 3d 223, 229–30 (S.D.N.Y. 2019) ("To preclude defendants from seeking relief on the basis of facts that may have had little significance at the time they were determined would be draconian and contrary to the remedial purpose of the First Step Act.").  Accordingly, Defendant's offense level amounts to 38 using *either* § 2D1.5(a)(1) (that is 4 plus the 34-offense level from § 2D1.1) or § 2D1.5(a)(2).  It follows that Defendant's revised Guidelines range under the Fair Sentencing Act (and First Step Act) is 292–365 months.[2]

---

[2] Defendant's convictions on Counts 3, 7–12, 16–18, and 26 do not affect this range because they are subsumed by Count 1, the violation of 21 U.S.C. § 848(b), which dictated his original sentence.

After careful consideration, the Court will use this Guidelines range to reduce Defendant's sentence.  Defendant has been imprisoned since March 21, 1995, over 295 months—or nearly 25 years.  He is now 62 years-old.  During his imprisonment, Defendant has completed his GED, taken extensive educational courses, and excelled at jobs including electrician, law library clerk, and hospital companion, earning strong endorsements from various prison officials.  (*See* Dkt. Nos. 610-1, pp. 3–47; 616-4, 616-5).  He has also served as a mentor to other prisoners, who have submitted testimonials on his behalf.  In short, Defendant has used his time in custody to better himself and help others.

Furthermore, the Court finds that a reduced sentence is consistent with the purposes of the First Step Act and Congress's intent to remedy the disproportionate impact of the statutory penalties applied to crack cocaine offenses prior to 2010, and to eliminate the disparity between Defendant and those sentenced thereafter.  In sum, based on all the facts, the changes in the Fair Sentencing Act and the First Step Act, and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence of 340 months is appropriate.  Among other things, this sentence reflects the severity of the crimes committed by Defendant, while recognizing his efforts at rehabilitation.

Based on this reduced sentence, Defendant is also now eligible for good time credit pursuant to 18 U.S.C. § 3624(b)(1).  Given Defendant's good behavior, it appears that he would receive approximately 44 months of credit toward his sentence.  But that determination must be made by the Bureau of Prisons.  Assuming that Defendant's combined time served and good time credit amounts to less than 340 months total, the Court recommends that Defendant spend the remainder of his term in a residential reentry center to facilitate his successful reintegration in the community.  *See* 18 U.S.C. § 3624(c).

Finally, Defendant shall be subject to a period of five years supervised release, as originally ordered by Judge Munson. Probation shall assist Defendant with his return to society. Defendant is encouraged to continue his positive efforts toward a lawful, productive life.

## V. CONCLUSION

Wherefore, it is hereby

**ORDERED** that Defendant's motion to reduce his sentence pursuant to Section 404(b) of the First Step Act (Dkt. No. 616) is **GRANTED**; and it is further

**ORDERED** that Defendant's pro se motion seeking retroactive application of the Fair Sentencing Act in light of the First Step Act (Dkt. No. 610) is **DENIED as moot**; and it is further

**ORDERED** that, having already served the sentence imposed for Counts 3, 7–9, 17, and 26, Defendant's term of imprisonment on the remaining Counts 1, 10, 11, 12, 16, and 18 is **REDUCED to 340 MONTHS, to be served concurrently**; and it is further

**ORDERED** that Defendant's period of supervised release shall be **FIVE YEARS**; and it is further

**ORDERED** that the Clerk of the Court is directed to file this Memorandum-Decision and Order and serve copies upon the parties; and it is further

**ORDERED** that the Clerk of the Court shall file on the docket an Amended Judgment in in accordance with this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: October 25, 2019
Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge